# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| RICHARD GASKINS,<br>    Petitioner, | Civil Action No. 1:07-cv-790 |
| vs. | Spiegel, J.<br>Black, M.J. |
| WARDEN, LEBANON<br>CORRECTIONAL INSTITUTION,<br>    Respondent. | **REPORT AND<br>RECOMMENDATION** |

Petitioner, a state prisoner, brings this case *pro se* seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The case is now before the Court upon the petition (Doc. 1), respondent's return of writ and exhibits thereto (Doc. 6), and petitioner's traverse to the return of writ (Doc. 16).

## I. PROCEDURAL HISTORY

Petitioner was indicted by the Hamilton County Grand Jury on one count of murder as defined in Ohio Revised Code § 2903.02(A), with specifications, and one count of murder as defined in Ohio Revised Code § 2903.02(B), with specifications. (Doc. 6, Exh. 1). Petitioner initially pled not guilty to the charges (Doc. 6, Exh. 2), but following plea negotiations agreed to plead guilty to one count of involuntary manslaughter and one gun specification. The plea included an agreed sentence of ten years for involuntary manslaughter and three years for the gun specification. (Doc. 6, Exh. 3). On July 11, 2005, the trial court, consistent with the agreed sentence, sentenced petitioner to ten years for involuntary manslaughter, consecutive to three years for the gun specification, for a total of 13 years. (Doc. 6, Exh. 5). On July 18, 2005, all other charges against petitioner were dismissed. (Doc. 6, Exh. 6).

Petitioner, through counsel, filed a timely notice of appeal in the Ohio Court of Appeals, First Appellate District. (Doc. 6, Exh. 7). Petitioner, acting *pro se*, filed another notice of appeal on August 16, 2005. (Doc. 6, Exh. 8). On September 22, 2005, the Ohio Court of Appeals dismissed

the *pro se* notice of appeal. (Doc. 6, Exh. 9). Petitioner raised the following assignments of error:

> 1. The trial court erred to the prejudice of defendant-appellant by denying his motion to allow defense attorney and/or defense expert to be present at testing by state expert.
>
> 2. The trial court erred to the prejudice of defendant-appellant by denying his motion to videotape testing by state's expert.
>
> 3. The trial court erred to the prejudice of defendant-appellant by imposing a maximum sentence without findings by a jury, or admissions by defendant, of the factors necessary to support that sentence.

(Doc. 6, Exh. 10). The State filed a brief in opposition. (Doc. 6, Exh. 11). On May 31, 2006, the Court of Appeals overruled petitioner's assignments of error and affirmed the judgment of the trial court. (Doc. 6, Exh. 12).

Petitioner filed a timely *pro se* appeal to the Supreme Court of Ohio. (Doc. 6, Exh. 13). In his memorandum in support of jurisdiction, petitioner raised the following proposition of law:

> 1. A sentence of incarceration that is "agreed" to by a defendant in the absence of proper notification of the actual maximum sentence absent additional fact findings is not immune from review and remand under State v. Foster.

(Doc. 6, Exh. 14). The State filed a memorandum in response. (Doc. 6, Exh. 15). On October, 4, 2006, the Supreme Court of Ohio denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question. (Doc. 6, Exh. 16).

On September 25, 2007, petitioner commenced the instant federal habeas corpus action. (Doc. 1). In the petition, petitioner asserts three grounds for relief:

> **GROUND ONE:** Petitioner's sentence[s] are void as violating the 14th Amendment's due process provision as being ex post facto.
>
> Supporting Facts: At the time the crime occurred, Ohio law mandated that Petitioner be sentenced to the maximum & minimum sentence per Ohio Revised Code §2929.14(B). The Ohio Supreme Court's subsequent judicial enlargement of this

statute violates the 14th Amendment[] to the U.S. Constitution as being ex post facto; see *State v. Foster* (2006), 109 Ohio St.3d 845[,] _ N.E. 2d 740.

**GROUND TWO:** Denial of effective assistance of counsel on appeal.

<u>Supporting Facts</u>: Appellate counsel renders constitutionally deficient performance [when] he fails to cite trial counsel's ineffective[ness] where attorneys failed to properly object to Petitioner's sentence being void as a matter of law, thereby failing to recognize and argue and brief a dead bang winner.

**GROUND THREE:** Right to procedural due process denied where sentence[s] for both offense[s] violate the ex post facto clause.

(Doc. 1).

## II. STANDARD OF REVIEW

On federal habeas review, the factual findings of the state appellate court are entitled to a presumption of correctness in the absence of clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1). *See McAdoo v. Elo*, 365 F.3d 487, 493-94 (6th Cir. 2004); *Mitzel v. Tate*, 267 F.3d 524, 530 (6th Cir. 2001). This Court is bound by the state court adjudications unless those decisions are contrary to or an unreasonable application of clearly established federal law. *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998).

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104- 132, 110 Stat. 1214 ("AEDPA"), a writ of habeas corpus may not issue with respect to any claim adjudicated on the merits in state court unless the adjudication either:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

> The phrases "contrary to" and "unreasonable application" have independent meanings: A federal habeas court may issue the writ under the 'contrary to' clause if the state court applies a rule different from the law set forth in . . . [Supreme Court] cases, or if it decides a case differently that we have done on a set of materially indistinguishable facts. The court may grant relief under the 'unreasonable application' clause if the state court correctly identifies the governing legal principle from ... [the Supreme Court's] decisions but unreasonably applies it to the facts of a particular case. The focus on the latter inquiry is whether the state court's application of clearly established federal law is objectively unreasonable . . . and an unreasonable application is different from an incorrect one.

*Bell v. Cone*, 535 U.S. 685, 694 (2002)(citation omitted).

However, if a state court does not articulate the reasoning behind its decision or fails to address the constitutional issues, the federal court must look at the state court's decision and conduct an independent inquiry into whether the state court reached a decision contrary to clearly established federal law or based its decision on an unreasonable determination of the facts in light of the evidence presented. *Schoenberger v. Russell,* 290 F.3d 831, 835 (6th Cir. 2002); *Harris v. Stovall,* 212 F.3d 940, 943 & n. 1 (6th Cir. 2000), *cert. denied*, 532 U.S. 947 (2001). The review is not a full *de novo* review of the claims, but is deferential to the state court's determination. *Id.*

### III.  GROUNDS ONE THROUGH THREE ARE PROCEDURALLY DEFAULTED AND WAIVED, AND, IN THE ALTERNATIVE, WITHOUT MERIT.

Respondent contends that Grounds One through Three of the petition are procedurally defaulted and waived because petitioner failed to fairly present his federal constitutional claims to the Ohio courts.

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must first fairly present those claims to

the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c); *see also Anderson v. Harless*, 459 U.S. 4, 6 (1982) (*per curiam*); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall*, 757 F.2d 94, 97, 99-100 (6th Cir.), *cert. denied*, 474 U.S. 831 (1985). If the petitioner fails to do so, he may have waived the unraised claims for purposes of federal habeas corpus review. *See Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989).

It is well-settled that in order to satisfy the "fair presentation" requirement, a habeas corpus petitioner must present both the factual and legal underpinnings of his claims to the state courts. *McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir. 2000), *cert. denied,* 532 U.S. 958 (2001); *Franklin v. Rose,* 811 F.2d 322, 325 (6th Cir. 1987). This means the petitioner must present his claims to the state courts as federal constitutional issues and not merely as issues arising under state law. *Franklin,* 811 F.2d at 325 (citing *Koontz v. Glossa,* 731 F.2d 365, 368 (6th Cir. 1984)); *see also Prather v. Rees,* 822 F.2d 1418 (6th Cir. 1987).

A set of four guidelines has been developed for determining whether a claim was presented in such a way as to alert the state court of the claim's federal nature. *McMeans,* 228 F.3d at 681. Under these guidelines, a petitioner may fairly present to the state courts the constitutional nature of his claim by (1) relying on federal cases employing constitutional analysis; (2) relying on state cases employing constitutional analysis in similar factual contexts; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law. *Id.*; *Franklin,* 811 F.2d

5

at 326. The use of a "generalized catch-all phrase," which merely alleges the denial of a fair trial under the United States Constitution, does not adequately alert the state courts of the constitutional nature of the claim where the "only legal theory presented to the state courts was predicated entirely upon state evidentiary law." *Franklin,* 811 F.2d at 326. "While a petitioner need not cite chapter and verse of constitutional law, general allegations of the denial of rights to a fair trial and due process do not fairly present claims that specific constitutional rights were violated." *Slaughter v. Parker*, 450 F.3d 224, 236 (6th Cir. 2006) (internal citations and quotations omitted). Generally, a claim is not fairly presented to a state court "if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Baldwin v. Reese*, 541 U.S. 27, 32 (2004).

Grounds One and Three of the petition assert that petitioner's ten year sentence for involuntary manslaughter[1] violates the Ex Post Facto Clause of the United States Constitution. Ground Two of the petition asserts that appellate counsel was ineffective for failing to raise claims of trial counsel's ineffectiveness and that petitioner's sentence was "void as a matter of law." (Doc. 1 at 7).

Petitioner failed to fairly present these claims to the state courts. Petitioner, through his appellate counsel, failed to argue that his sentence violated the Ex Post Facto Clause of the United States Constitution on direct appeal to the Ohio Court of Appeals. Although petitioner challenged his sentence as violating the Sixth Amendment under *Apprendi v. New Jersey,* 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005), he did not present the legal underpinnings of his Ex Post Facto claim to the Ohio Court of Appeals or

---

[1] Petitioner does not dispute the imposition of the three year consecutive sentence for the firearm specification. (Doc. 16 at 2).

to the Supreme Court of Ohio. Petitioner is thus barred from raising this claim in the Ohio courts because he had the previous opportunity to present such claim during his direct appeal and failed to do so, thereby waiving such issue under state procedural law.[2] *See Lordi v. Ishee*, 384 F.3d at 194, citing *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *see also Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001). This is an adequate and independent state ground which forecloses this Court's review of the federal constitutional claims therein in the absence of a showing of cause and prejudice. *Id.*

Petitioner concedes he did not fairly present his ineffective assistance of counsel claim to the Ohio state courts. (Doc. 16 at 1). Nevertheless, petitioner requests that the Court consider his ineffectiveness of appellate counsel claim, not as an independent habeas corpus claim, but rather as establishing cause for the procedural default of his other claims. (Doc. 16 at 1). Although an ineffective assistance of appellate counsel may constitute "cause" for a procedural default, *see Edwards v. Carpenter*, 529 U.S. 446, 452 (2000), that claim cannot excuse petitioner's procedural default in this case. As explained below, petitioner's ex post facto claim lacks merit. Therefore, appellate counsel's failure to raise this claim as an assignment of error on appeal would not amount to a violation of the Sixth Amendment. *See Strickland v. Washington,* 466 U.S. 668, 694 (1984).

Petitioner contends his sentence is unconstitutional under the Ex Post Facto Clause. The United States Constitution forbids states from imposing ex post facto laws. U.S. CONST. art. I, § 10, cl. 1. "The purpose of the ex post facto prohibition is 'to assure that legislative Acts give fair

---

[2] "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175, 176, 226 N.E.2d 104, 106 (1967)(syllabus).

warning of their effect and permit individuals to rely on their meaning until explicitly changed.'" *U.S. v. Reese*, 71 F.3d 582, 585 (6th Cir. 1995) (quoting *Weaver v. Graham,* 450 U.S. 24, 28-29 (1981)). "An ex post facto law possesses two elements: (1) 'it must apply to events occurring before its enactment,' and (2) 'it must disadvantage the offender affected by it.'" *Dyer v. Bowlen*, 465 F.3d 280, 285 (6th Cir. 2006) (quoting *Lynce v. Mathis*, 519 U.S. 433, 441 (1997)).

While not entirely clear, it appears that petitioner is arguing the Supreme Court of Ohio's decision in *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470 (2006),[3] constitutes a "judicial enlargement" of Ohio's sentencing statute, Ohio Rev. Code § 2929.14(B), and thus violates the Ex Post Facto Clause. Petitioner's contention is without merit because *Foster* had no bearing whatsoever on his sentence. Petitioner was sentenced on July 11, 2005, prior to the decision in *Foster*. (Doc. 6, Exh. 5). Although petitioner's direct appeal was pending when *Foster* was decided, the Ohio Court of Appeals declined to remand for re-sentencing under *Foster* finding that *Foster* was not implicated in his case given the trial court's imposition of an agreed sentence. (Doc. 6, Exh. 12 at 2). Since *Foster* had no application in petitioner's case, it could not have an impermissible ex post facto effect on petitioner.[4] Thus, his appellate counsel's failure to raise such

---

[3] In *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470 (2006), *cert. denied,* 127 S.Ct. 442 (2006), the Supreme Court of Ohio held that several provisions of Ohio's felony sentencing statute were unconstitutional pursuant to the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004). Certain provisions of Ohio's sentencing statute required additional judicial fact-finding before the imposition of consecutive sentences or a sentence greater than the maximum term authorized by a jury verdict or admission of the defendant. The Court ruled these provisions unconstitutional under *Blakely* and severed the offending provisions. As a result, Ohio "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *Foster,*109 Ohio St.3d at 30, 845 N.E.2d at 498. The Supreme Court of Ohio required that cases pending on direct review be remanded for re-sentencing. *Id*. at 31, 845 N.E.2d at 499.

[4] The Court notes that both the federal courts and Ohio courts have rejected *ex post facto* challenges to the *Foster* decision. *See, e.g., Rettig v. Jefferys*, 557 F. Supp.2d 830, 841 (N.D. Ohio 2008) (citing Ohio cases); *Hooks v. Sheets*, 2008 WL 4533693 (S.D. Ohio Oct. 3, 2008) (Beckwith, J.); *see also United States v. Barton,* 455 F.3d 649, 657 (6th Cir.), *cert. denied,* 127 S.Ct. 748 (2006) (*United States v. Booker,* 543 U.S. 220 (2005), does not violate *ex post facto* ).

a claim cannot constitute ineffective assistance of counsel and cannot excuse petitioner's defaulted claims in this case.

Petitioner has failed to demonstrate either cause for the procedural default of his ex post facto claims asserted in Grounds One and Three of the petition or actual prejudice resulting from the alleged constitutional violations. Moreover, petitioner has not demonstrated that a fundamental miscarriage of justice will occur if his procedurally-defaulted claims for relief are not addressed on the merits by this Court. Therefore, petitioner has waived these claims for purposes of federal habeas corpus review.

Petitioner also appears to argue that his *pro se* petition should be liberally construed as asserting a constitutional claim under *Blakely* (Doc. 16 at 1), a claim fairly raised by his appellate counsel as an assignment of error before the Ohio Court of Appeals and by petitioner, pro se, before the Supreme Court of Ohio.

Even if the Court were to construe the petition as asserting a claim that petitioner was sentenced in violation of the Sixth Amendment and *Blakely v. Washington*, 542 U.S. 296 (2004), this claim would be without merit.

In *Blakely,* the United States Supreme Court held that an enhanced sentence imposed by a judge under a state's sentencing statute, which was based on facts neither admitted by the defendant nor found by a jury, violated the Sixth Amendment to the United States Constitution. The defendant in *Blakely* entered a guilty plea and, pursuant to the plea agreement, the state recommended a sentence within the standard range of 49 to 53 months. *Id*. at 300. The trial judge

rejected the recommended sentence and, instead, imposed an exceptional sentence of 90 months based upon his own finding, by a preponderance of the evidence, that the defendant had acted with "deliberate cruelty." 542 U.S. at 302-304. The Supreme Court reversed the defendant's sentence imposed under the state's determinate sentencing scheme after finding the trial judge had enhanced the defendant's kidnaping sentence beyond the statutory maximum based upon facts neither admitted to by the defendant nor found by the jury. *Id*. at 303. The Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Blakely,* 542 U.S. at 303. Importantly, the *Blakely* Court clarified that "the 'statutory maximum' . . . is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Id.*

The reasoning of *Blakely* was extended by the Supreme Court to the United States Sentencing Guidelines in *United States v. Booker*, 543 U.S. 220 (2005), which held that the Sixth Amendment as construed in *Blakely* applied to the Federal Sentencing guidelines and thus any fact (other than a prior conviction) that increases a defendant's sentence beyond the statutory maximum must be presented to a jury and proved beyond a reasonable doubt. *See Booker*, 543 U.S. at 244.

In the instant case, petitioner was sentenced to ten years for involuntary manslaughter, consecutive to three years for the gun specification, for a total of 13 years (Doc. 6, Exh. 5) in exchange for the dismissal of the remaining counts of the indictment pursuant to the plea agreement. (Doc. 6, Exh. 6). Under Ohio Revised Code § 2929.14(B), a trial judge must "impose

the shortest prison term authorized," absent findings supporting an enhancement.[5] Petitioner does not take issue with the mandatory three year prison term for the gun specification, but argues that he should have been sentenced to the three year "maximum" prison term provided for a first degree felony conviction which carries a minimum of three and maximum of ten years imprisonment. *See* Ohio Rev. Code § 2929.14(A)(1). (Doc. 16 at 4).

Contrary to petitioner's contention, his sentence does not violate *Blakely* because the trial court did not base petitioner's non-minimum sentence on factual findings, but rather accepted and imposed the parties' agreed-upon sentence. (Doc. 6, Exh. 5). A stipulated sentence made pursuant to a plea agreement removes the onus of fact-finding from the trial court under Ohio law. The Supreme Court of Ohio has held that "[o]nce a defendant stipulates that a particular sentence is justified, the sentencing judge need not independently justify the sentence." *State v. Porterfield*, 106

---

[5] Section 2929.14(B) provides:

Except as provided in division (C), (D)(1), (D)(2), (D)(3), (D)(5), (D)(6), (G), or (L) of this section, in section 2907.02 or 2907.05 of the Revised Code, or in Chapter 2925. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:

(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.

(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.

Ohio St.3d 5, 829 N.E.2d 690 (2005).[6] Because a *Blakely* claim "is premised upon the need for a jury to make certain statutorily required sentencing findings," *State v. Brown*, 2006 WL 225524, *3 (Ohio Ct. App. 10 Dist. 2006), where the parties agree to a particular sentence and jointly recommend the sentence, no findings are statutorily required to impose the sentence under Ohio law. *See Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, at ¶ 25-26. "As there is no statutory requirement that findings be made, *Apprendi* and *Blakely* are inapplicable to [a] defendant's . . . sentence." *State v. Brown*, 2006 WL 225524, *3 (citing *State v. Ranta,* 2005 WL 1705744, *3 (Ohio Ct. App. 8 Dist. 2005)) ("*Blakely* addresses only those instances in which a judge makes findings statutorily required for the imposition of certain sentences. Because we conclude in the case at bar that as a result of the plea agreement no findings were required, *Blakely* does not apply for this very specific reason").[7]

---

[6] In *Porterfield*, the State Court of Appeals reversed the defendant's sentence based on the trial court's failure to comply with *State v. Comer,* 99 Ohio St.3d 463, 793 N.E.2d 473 (2003), which required that a trial court articulate both "findings" for imposing consecutive sentences and "reasons" for those findings. The Supreme Court of Ohio reversed, reasoning:

> Porterfield's sentence was entered pursuant to a plea bargain in which Porterfield agreed to the precise sentence that was imposed. "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." R.C. 2953.08(D). Porterfield's sentence was authorized by law, was recommended jointly by him and the prosecution, and was imposed by a sentencing judge. Pursuant to R.C. 2953.08(D), Porterfield's sentence is not subject to review. *Comer* cannot be applied here. The General Assembly intended a jointly agreed-upon sentence to be protected from review precisely because the parties agreed that the sentence is appropriate. *Once a defendant stipulates that a particular sentence is justified, the sentencing judge no longer needs to independently justify the sentence.* Pursuant to R.C. 2953.08(D), the trial court's compliance with R.C. 2929.19 and *Comer* was not required.

*State v. Porterfield*, 106 Ohio St.3d 5, 9-10, 829 N.E.2d 690, 694 (2005) (emphasis added).

Although the Ohio Supreme Court subsequently struck down as unconstitutional several provisions of Ohio's sentencing law in *State v. Foster,* 109 Ohio St.3d 1, 845 N.E.2d 470 (2006), Section 2953.08(D) was not among the provisions severed. "Nor did *Foster* change the statutory range of punishments. Thus, any sentence imposed upon an offender that falls within the statutory range of available sentences still remains a sentence 'authorized by law'" under R.C. 2953.08(D). *State v. Billups*, 2007 WL 853335, *2 (Ohio App. 10 Dist. 2007).

[7] *See also State v. Spurling*, 2007 WL 624993, *3 (Ohio Ct. App. 1 Dist. 2007); *State v. Woods*, 2006 WL 1284613, *2 (Ohio Ct. App. 2 Dist. 2006); *State v. Giesey,* 2006 WL 3771982, *2 (Ohio Ct. App. 3 Dist. 2006);

Indeed, in an analogous case, this Court has recognized that "by agreeing as a term of the plea bargain to a specified prison sentence . . . petitioner waived any argument that such sentence was imposed under statutory standards held to be unconstitutional by the [Ohio] Supreme Court in *State v. Foster,* 845 N.E.2d 470 (Ohio 2006), in light of *Blakely.* . . ." *Todd v. Wolfe,* No. 1:05-cv-737, 2007 WL 951616, at *5 (S.D. Ohio Mar. 28, 2007) (Spiegel, S.J.) (unpublished) (citing numerous Ohio appellate court decisions); s*ee also Warren v. Warden, Noble Correctional Inst.*, 2008 WL 1732976, *5 (S.D. Ohio 2008) (Barrett, J.); *Carley v. Hudson,* 563 F. Supp.2d 760, 778 (N.D. Ohio 2008); *Rockwell v. Hudson*, 2007 WL 892985, *7 (N.D. Ohio 2007).[8]

A number of federal circuit courts have applied a similar rationale to defendants seeking to challenge their federal sentences in light of the Supreme Court's post-*Blakely* decision – *United States v. Booker*, 543 U.S. 220, 224 (2005), wherein the Court held that the Sixth Amendment as construed in *Blakely* applied to the federal Sentencing Guidelines and thus any fact (other than a prior conviction) which increases a sentence beyond the statutory maximum must be presented to a jury and proved beyond a reasonable doubt. *See, e.g., United States v. Pacheco-Navarette,* 432 F.3d 967, 971 (9th Cir. 2005) (concluding that remand for re-sentencing was "not required to comport with *Booker*" in case "where a defendant was sentenced after pleading guilty to a plea agreement that included a specific sentence stipulation that did not exceed the statutory maximum

---

*State v. Kimble*, 2006 WL 3350483, *5 (Ohio Ct. App. 11 Dist. 2006); *State v. Bower*, 2006 WL 3530134, *3 (Ohio Ct. App. 4 Dist. 2006); *State v. Carrico*, 2007 WL 427909, *3 (Ohio Ct. App. 5 Dist. 2007); *State v. Nguyen*, 2007 WL 1229306, *5 (Ohio Ct. App. 6 Dist. 2007); *State v. Jackson*, 2006 WL 1705133, *9 (Ohio Ct. App. 8 Dist. 2006); *State v. Billups*, 2007 WL 853335, *2 (Ohio Ct. App. 10 Dist. 2007); *State v. Kimble*, 2006 WL 3350483, *5 (Ohio Ct. App. 11 Dist. 2006).

[8] The undersigned acknowledges there is a contrary decision from the Columbus Division of this Court. *See Friley v. Wolfe*, 2006 WL 3420209 (S.D. Ohio Nov. 27, 2006) (Marbley, J.). However, for the reasons set forth in *Warren v. Warden, Noble Correctional Inst.*, 2008 WL 1732976, *5, *16-17 (S.D. Ohio 2008), the Court declines to follow *Friley*.

and was not contingent upon the Guidelines"), *cert. denied,* 127 S.Ct. 197 (2006).[9]

Petitioner's sentence for involuntary manslaughter was not increased beyond the ten years stipulated to in the plea agreement. Petitioner's sentence was based on the facts he admitted and the sentence he stipulated to, and not on any facts found solely by the trial court. The trial judge's sentence arose directly from the plea agreement itself and not on any judicially-found facts. The trial court accepted the terms bargained for by the parties and, under these circumstances, petitioner's sentence did not violate the Sixth Amendment or *Blakely*.

Accordingly, even if the Court construes the petition as alleging a *Blakely* claim, this ground for relief is without merit and should be denied.

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) should be DENIED with prejudice.

---

[9] *See also United States v. Silva,* 413 F.3d 1283, 1284 (10th Cir. 2005) (and cases cited therein) (holding that a defendant, who had bargained for a certain sentence in the plea agreement and thus had "voluntarily exposed himself to a specific punishment," could not "now claim he was the victim of a mandatory sentencing scheme" held to be unconstitutional in *Booker*); *United States v. Cieslowski,* 410 F.3d 353, 363-64 (7th Cir. 2005) (holding that *Booker,* which "is concerned with sentences arising under the Guidelines," is inapplicable to a "sentence imposed under a Rule 11(c)(1)(C) plea[, which] arises directly from the agreement itself, not from the Guidelines, even though the court can and should consult the Guidelines in deciding whether to accept the plea"), *cert. denied,* 126 S.Ct. 1021 (2006); *United States v. Sahlin,* 399 F.3d 27, 32-33 (1st Cir. 2005) (rejecting claim that a portion of the defendant's sentence due to an enhancement should be vacated "on the basis that [under *Booker*] either the jury should have decided the facts leading to the enhancement, or the judge should have done so by proof beyond a reasonable doubt," because when the defendant "and the government jointly stipulated to the enhancement and the sentencing increase resulting from the enhancement, the district court was bound by this stipulation once it accepted the plea agreement[;]" the court thus did not "engage in fact finding in order to apply the enhancement," but rather "merely applied the terms of the plea agreement, to which it was bound"). In *Sahlin,* the First Circuit also considered the defendant's claim that his guilty plea was "wrongly accepted, because it was based on his understanding of sentencing procedures, which was rendered erroneous by *Booker*." *Sahlin,* 399 F.3d at 30. The court rejected that claim, reasoning in relevant part that the defendant "was in fact sentenced under the mandatory scheme that he expected. And the possibility of a favorable change in the law occurring after a plea is one of the normal risks that accompany a guilty plea." *Id.* at 31 (quoting *Brady v. United States,* 397 U.S. 742, 757 (1970)) ("[A] voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise.").

2. A certificate of appealability should not issue with respect to Grounds One, Two and Three of the petition which this Court has concluded are waived and thus barred from review on procedural grounds because under the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason would not find it debatable whether this Court is correct in its procedural ruling" as required under the first prong of the *Slack* standard.[10] A certificate of appealability should not issue with respect to any other claims alleged in the petition because petitioner has failed to make a substantial showing of the denial of a constitutional right based on these claims. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. The Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith" and, therefore, DENY petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 10/29/2008           s/Timothy S. Black
  Kl                       Timothy S. Black
                           United States Magistrate Judge

---

[10] Because this Court finds that petitioner has not met the first prong of the *Slack* standard, it need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner stated a valid constitutional claim. *See Slack,* 529 U.S. at 484.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

RICHARD GASKINS,
    Petitioner,

vs.

WARDEN, LEBANON
CORRECTIONAL INSTITUTION,
    Respondent.

Civil Action No. 1:07-cv-790

Spiegel, J.
Black, M.J.

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Black, United States Magistrate Judge, in the above-entitled habeas corpus action. Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).