```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

RICHARD GASKINS, :
      Petitioner, : NO. 1:07-CV-790
  v. :
: **OPINION AND ORDER**
:
WARDEN, LEBANON :
CORRECTIONAL INSTITUTION, :
      Respondent. :

      This matter is before the Court on the Report and Recommendation in which the assigned Magistrate Judge recommended that Petitioner's Petition for Writ of Habeas Corpus be denied (doc. 17). For the reasons indicated herein, the Court ADOPTS the Magistrate Judge's Report and Recommendation in its entirety.

      On September 25, 2007 pro se Petitioner Richard Gaskins, an inmate at the Warren Correctional Institution in Lebanon, Ohio, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. 1). Petitioner pled three grounds for relief: (1) "Petitioner's sentence[s] are void as violating the 14th Amendment's due process provision as being ex post facto;" (2) "Denial of effective assistance of counsel on appeal;" and (3) "Right to procedural due process denied where sentence[s] for both offense[s] violate the ex post facto clause" (Id.).

      In the Report and Recommendation, the Magistrate Judge considered each of Petitioner's arguments, and found each to be

procedurally defaulted and waived, or, in the alternative, without merit (doc. 17). Grounds One and Three of the petition asserted that Petitioner's sentence violated the ex post facto clause; however the Magistrate Judge found Petitioner did not present these claims to the Ohio Court of Appeals or the Supreme Court of Ohio and thus, Petitioner has thereby wavied such issues under state procedural law, so that Court's review of Petitioner's claims has been foreclosed (Id.).

Concerning Petitioner's second ground for relief, Petitioner conceded that he did not fairly present his ineffective assistance of council claim to the Ohio state courts, but nonetheless argued that this claim should be considered as establishing cause for the procedural default of his other claims (doc. 16). However, the Magistrate Judge found that Petitioner's ex post facto claim lacks merit because contrary to Petitioner's assumption, State v. Foster, 845 N.E. 2d 740 (2006), "had no application in petitioner's case, [and thus] it could not have an impermissible ex post facto effect on petitioner" (doc. 17). Therefore, the "failure to raise such a claim cannot constitute ineffective assistance of counsel and cannot excuse petitioner's defaulted claims" (Id.).

Next, the Magistrate Judge considered the basis for Petitioner's argument that his pro se petition should be liberally construed as asserting a constitutional claim under Blakely v.

Washington, 542 U.S. 296 (2004), and concluded that this claim was without merit (Id.). Petitioner's sentence was based on the facts he admitted and the sentence he agreed to, and not on any facts found solely by the trial court. The Magistrate Judge found that because the trial court accepted the terms bargained for by the parties, "under these circumstances, petioner's sentence did not violate the Sixth Amendment or Blakely (Id.). Therefore, "even if the Court construes the petition as alleging a Blakely claim, this ground for relief is without merit and should be denied (Id.). The Court, having fully considered this matter, finds the Magistrate Judge's Report and Recommendation well-reasoned, thorough, and correct.

The parties were served with the Report and Recommendation and were therefore afforded proper notice of the Magistrate Judge's Report and Recommendation required by 28 U.S.C. § 636(b)(1)(C), including that failure to file timely objections to the Report and Recommendation would result in a waiver of further appeal. See United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). Neither party filed any objections thereto within the ten days provided for by Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)(C).

Having reviewed this matter de novo pursuant to 28 U.S.C. § 636(b), the COURT ADOPTS the Magistrate Judge's Report and Recommendation (doc. 17) in its entirety, and therefore DENIES

Petitioner's writ of habeas corpus (doc. 1). Because "jurists of reason would not find it debatable as to whether this Court is correct in its procedural findings" the Court DOES NOT issue a certificate of appealability in this case. Finally, the Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in "good faith" and therefore DENIES Petitioner leave to appeal <u>in forma pauperis</u> upon a showing of financial necessity.

        SO ORDERED.

Dated: January 20, 2009      <u>/s/ S. Arthur Spiegel</u>
                                       S. Arthur Spiegel
                                       United States Senior District Judge